MICHAEL JAY BERGER (State Bar # 100291)
SOFYA DAVTYAN (State Bar # 259544)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Boulevard, 6th Floor
Beverly Hills, California 90212
T: 1.310.271.6223 | F: 1.310.271.9805
E: Michael.Berger@bankruptcypower.com
E: Sofya.Davtyan@bankruptcypower.com

*Proposed* Attorneys for Debtor
Pinnacle Foods of California LLC

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

## FRESNO DIVISION

| | |
|---|---|
| In re | CASE NO.: 1:24-bk-11015 |
| | DC No.: MJB-1 |
| Pinnacle Foods of California LLC, | Chapter 11 (Subchapter V) |
| Debtor and Debtor-in-Possession. | Date: April 24, 2024<br>Time: 11:30 a.m.<br>Place: 2500 Tulare Street, Suite 2501<br>　　　　Fresno, CA 93721 |
| | Judge: Hon. René Lastreto II |

## DECLARATION OF IMRAN DAMANI IN SUPPORT OF DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT OF WAGES AND RELATED EXPENSES

I, Imran Damani, declare as follows:

1.　I am over the age of 18 and am mentally competent and I make this declaration in support of Debtor's Emergency Motion For Order Authorizing Payment of Wages and Related Expenses (the "Payroll Motion").

2.　I am the principal of Pinnacle Foods of California LLC, the Debtor and Debtor-in-Possession ("Debtor").

3.　I am familiar with Debtor's daily business, operations, and financial

1

affairs. Except as otherwise indicated, all of the facts set forth in this Declaration are based upon my personal knowledge of Debtor's operations and finances, information learned from my review of relevant documents, and information supplied to me by other members of Debtor's management and Debtor's business and legal advisors. If called upon to testify as to the content of this Declaration, I could and would do so.

4. On April 22, 2024 (the "Petition Date") Debtor filed its voluntary petition for relief under Chapter 11, Subchapter V of the Bankruptcy Code, thereby commencing its bankruptcy case (the "Chapter 11 Case"). A Subchapter V Trustee has not yet been appointed by the Court.

5. The Debtor is operating its business and managing its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. No request has been made for the appointment of a trustee or examiner, and no official committees have been appointed in this case.

7. On April 22, 2024, Debtor's related entities Tyco Group, LLC ("Tyco") and California QSR Management, Inc. ("QSR") also filed for Chapter 11, Subchapter V bankruptcy in this Court (Case No.'s 1:24-bk-11016 and 1:24-bk-11017, respectively). Both cases are also assigned to the Honorable René Lastreto II.[1]

8. Debtor operates Popeyes Louisiana Kitchen franchise restaurants in six different locations throughout the Fresno region. Debtor's revenue comes from sales of fast food.

9. Unless Debtor pays its employees, it is likely they will seek other employment and the Debtor may be subject to certain regulatory penalties for unpaid wage obligations. Without Debtor's employees, the Debtor cannot operate, and the Debtor will not be able to reorganize.

10. Except for two non-insider employees of Debtor and two insider

---

[1] QSR's bankruptcy is currently assigned to the Hon. Jennifer E. Niemann, but is being reassigned to Judge Lastreto.

2

DECLARATION OF IMRAN DAMANI IN SUPPORT OF DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT OF WAGES AND RELATED EXPENSES

employees, who are paid directly by Debtor, Debtor's workers are employed by and paid by related entity QSR. In this manner, QSR operates as Debtor's management company.

11. QSR and Debtor issue the payroll obligations to Debtor's workers on a biweekly basis. The Debtor currently has approximately 137 part-time and full-time workers paid by QSR. The next payday is May 3, 2024, which covers the pre-petition payroll period of April 15, 2024 – April 21, 2024, and the post-petition period of April 22, 2024—April 28, 2024. The total gross sum to be paid to the workers is approximately $137,000.00.

12. Myself and my mother, Muntaz Damani, are insiders of the Debtor. As insiders, we will follow the Rules for Setting Insider Compensation, before any payment is made to us.

13. Attached hereto as **Exhibit "1"** is the Payroll Journal for the pre-petition payroll period just prior to the payroll period subject to this Motion, as an estimate of the total for the payroll period covered by this Motion.

14. In order to maintain employees' morale, prevent employees from quitting, and facilitate a successful reorganization, the Debtor recognizes the need to be able to pay the employees' compensation in a timely manner. The Debtor believes that failure to timely pay its Employees' Compensation will adversely affect its ability to retain its employees and to operate its business, and thereby frustrate its efforts to reorganize.

15. By this Motion, Debtor seeks authority for it and its related entity QSR's payment of the Employees' Compensation on the following terms and conditions:

    a. Debtor and QSR will pay the Employees' Compensation only to the extent of the $15,150.00 priority limit per employee

DECLARATION OF IMRAN DAMANI IN SUPPORT OF DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT OF WAGES AND RELATED EXPENSES

provided by Sections 507(a)(4) and 104 of the Bankruptcy Code.

    b. The Employees' Compensation will be paid to workers who continue to be employed by Debtor and QSR and work for the Debtor as of the date of the hearing on this Motion.

16.     Debtor believes that paying the Employees' Compensation as described hereinabove is necessary to protect and preserve Debtor's business and will not impair the rights of any creditors in the case.

I declare under penalty of perjury that the foregoing facts are true and correct. Executed April 23, 2024, at Fresno, California.

By: _____
Imran Damani

4

DECLARATION OF IMRAN DAMANI IN SUPPORT OF DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING PAYMENT OF WAGES AND RELATED EXPENSES