3

MICHAEL JAY BERGER (State Bar # 100291)
SOFYA DAVTYAN (State Bar # 259544)
LAW OFFICES OF MICHAEL JAY BERGER
9454 Wilshire Boulevard, 6th Floor
Beverly Hills, California 90212
T: 1.310.271.6223 | F: 1.310.271.9805
E-mail: Michael.Berger@bankruptcypower.com
E-mail: Sofya.Davtyan@bankruptcypower.com

Proposed Attorneys for Debtor
Pinnacle Foods of California, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>Pinnacle Foods of California, LLC,<br><br>Debtor-in-Possession. | CASE NO.: 2024-11015<br><br>DC No.: MJB-2<br><br>Chapter 11 (Subchapter V)<br><br>Date:　April 24, 2024<br>Time:　11:30 a.m.<br>Place:　2500 Tulare Street, Suite 2501<br>　　　　Fresno, CA 93721<br><br>Judge:　Hon. René Lastreto II |

# DECLARATION OF IMRAN DAMANI IN SUPPORT OF MOTION FOR AUTHORITY TO USE CASH COLLATERAL

I, Imran Damani, hereby declare and represent as follows:

1. I am the President and Managing Member of Pinnacle Foods of California, LLC (the "Debtor" or "Pinnacle") and the person responsible for the management of the Debtor. I am an insider of the Debtor. The Debtor operates six franchise Popeyes restaurants at various locations in Fresno, California. The Debtor's revenue comes from the sale of sandwiches and other food sold by the Debtor.

2. I am familiar with the Motion and Budget filed in support of the Motion for Authority to Use Cash Collateral ("Motion") and attest to the fact that the

1

DECLARATION IN SUPPORT OF CASH COLLATERAL MOTION

information contained therein is true and correct to the best of my knowledge.

3. The cash collateral sought to be used are proceeds from sales of sandwiches and other food at the six Popeyes restaurants.

4. The proceeds as well as the cash on hand are subject to UCC liens held by Signature Financial & Leasing LLC, Backd/Austin Business Finance, and Fresno County Tax Collector (the "Secured Creditors").

5. By this Motion the Debtor seeks to grant Secured Creditors affected by the Motion replacement liens as adequate protection for the emergency use of cash collateral for the next 10 days until the continued hearing on the Motion. By that time, the Debtor will have a more complete six-month budget filed with the Court in support of the Motion.

6. I make this Declaration in support of the Cash Collateral Motion which I have read, reviewed, and helped to prepare. I hereby adopt each of the factual allegations in the Motion for Authority to Use Cash Collateral and incorporate them in this Declaration by reference. Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge, my review of relevant business documents, or my opinion.

7. Attached as Exhibit "A" is a budget of the cash collateral the Debtor seeks authority to use for the next 10 days ("Subject Period"). I prepared the Budget. The Debtor has no source of operating funds except cash collateral.

8. In order to continue to operate and formulate a Plan, the Debtor in Possession has an immediate need for use of cash collateral. The Budget attached to this Declaration sets out the amounts of money needed for the Subject Period.

9. By continuing to operate Debtor's six Popeyes restaurants, the Debtor will produce and generate new revenue that has a value greater than the amount of cash collateral sought to be used. The funds will also preserve and protect the

collateral. From the use of cash collateral, Debtor will be able to pay its employees, rent, royalties, insurance, food supplies, and other essential operating expenses and continue franchise operations.

10. Denial of the use of cash collateral will not benefit any creditor constituency but it would cause significant harm to the Debtor.

11. As adequate protection for any potential decline in value, it is agreed that the Secured Creditors should have replacement liens to the extent any have valid liens.

12. The Debtor seeks to grant a replacement lien to the extent cash collateral is actually used on assets of a like nature to those held on the Petition Date.

13. I am unaware of any secured creditors having liens or security interests in the subject cash collateral except the Secured Creditors. However, The Debtor seeks authority to use cash collateral of any such creditor, if any, provided the creditor was served with notice of the Motion. I believe that it is in the best interests of the creditors of this estate to be allowed to use cash collateral. Without use of cash collateral the Debtor will be forced to shut down all operations.

I declare under penalty of perjury that the foregoing facts are true and correct. Executed on April 23, 2024, at Fresno, California.

By: _____
Imran Damani